

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARVIN DONIUS, *et al.*,<br><br>              Plaintiffs,<br><br>v.<br><br>NICOLE PEACOCK, *et al.*,<br><br>              Defendants. | Case No.: 25-cv-1052-BJC-JLB<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND/ CORRECT COMPLAINT**<br><br>**[ECF No. 88]** |

Pending before the Court is Plaintiffs' motion for leave to amend/correct the complaint. ECF No. 88. For the reasons set forth below, the Court **GRANTS** the motion and **DENIES** all other pending motions as moot.

## I.    <u>BACKGROUND</u>

On April 25, 2025, Plaintiffs initiated this action by filing the Complaint in this case, which asserted various causes of action arising out of the alleged removal and destruction of Plaintiffs' property pursuant to an Order Regarding Civil Contempt issued by the Rincon Civil Tribal Court. ECF No. 1. On May 27, 2025, Plaintiffs filed a First Amended Complaint, adding Dudek, a contractor alleged to have participated in the removal of Plaintiffs' property, as a defendant. ECF No. 24.

1

On August 12, 2025, Plaintiffs filed a second action in this Court, *Donius v. Peacock*, Case No. 25-cv-0273.  On September 8, 2025, the parties jointly moved to consolidate the two actions.  ECF No. 50.  On October 6, 2025, the Court granted the joint motion, consolidated the cases, designated this action as the lead case, and closed Case No. 25-cv-0273.  ECF No. 53.

Following a status conference held on November 6, 2025, the Court entered an amended scheduling order establishing January 23, 2026, as the deadline for "[a]ny motion to join other parties, to amend the pleadings, or to file additional pleadings."  ECF No. 65.  Despite that deadline, on February 2, 2026, Plaintiffs filed a First Amended Complaint, post consolidation, without first obtaining leave of Court or the parties' stipulation.  ECF No. 84.

On February 10, 2026, Defendants Steve Stallings, Joseph Linton, Laurie E. Gonzalez, John Constantino, Alfonso Kolb, Nicole Peacock, Dudek, LAP Demolition Services, and LAP Demolition Inc. (collectively, "Tribal Officials and Vendors") filed a motion to strike Plaintiff's First Amended Complaint.  ECF No. 87.  Later that same day, Plaintiffs filed a motion for leave to amend/correct the complaint.  ECF No. 88.  On February 11, 2026, Defendant Ramirez likewise filed a motion to strike the First Amended Complaint.  ECF No. 89.  On February 20, 2026, Defendant Ramirez filed an opposition to Plaintiffs' motion for leave to amend.  ECF No. 97.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 16(b), the court must issue a scheduling order that limits the time to amend the pleadings.  Fed. R. Civ. P. 16(b)(4).  If a party seeks to amend after the scheduling order's deadline, then the court applies a two-step analysis. First, the party seeking leave to amend must satisfy the "good cause" standard of Federal Rule of Civil Procedure 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard is a non-rigorous standard that has been construed broadly."  *Tan v. Quick Box, LLC*, 2023 WL 3997968, *2 (S.D. Cal. June 14, 2023) (citing *Ahanchian v. Xenon Pictures*,

25-cv-1052-BJC-JLB

*Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010)).  In determining whether good cause exists, the court "primarily considers the diligence of the party seeking the amendment." *In re Western States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (citation omitted).    As   the   Ninth   Circuit   explained,   "the   focus   of the Rule 16(b) inquiry is upon the moving party's reasons for seeking modification ... if that party was not diligent, the inquiry should end." *Id.* (internal quotation marks and citation omitted).

If the Court finds that there is good cause to modify the schedule, the moving party must next demonstrate the amendment is proper under Federal Rule of Civil Procedure 15(a).  Under Rule 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  In considering whether to grant leave to amend, "[t]he court should freely give leave when justice so requires." *Id.* The Ninth Circuit has instructed that this policy is to be applied with "extreme liberality" in light of the strong federal preference for resolving cases on their merits. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). In exercising its discretion, the Court considers several factors, including: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended the complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).  "Not all of the factors merit equal weight . . .  prejudice to the opposing party carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### III.   DISCUSSION

Plaintiffs seek leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).  The proposed amendment: (1) adds S & R Towing, Inc. and Charles Russell, Jr., d/b/a S&R Towing as defendants; (2) revises the caption to reflect the additional defendants and identify the pleading as the First Amended Complaint; (3) adds Robert Ryan as newly associated counsel; (4) expands the allegations in paragraph 105 regarding why the non-Tribal contractor defendants are not entitled to derivative sovereign immunity; (5) makes a minor revision to paragraph 110; (6) adds language to paragraph 9

25-cv-1052-BJC-JLB

of the prayer for relief; and (7) adds a jury demand.  ECF No. 88 at 2-3.

Defendants have moved to both strike and dismiss the proposed amended complaint. ECF Nos. 87, 89, 96, 97.  In their respective motions, Defendants argue that Plaintiff was not entitled to amend the complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1).  ECF No. 87-1 at 4; ECF No. 89-1 at 3.  Defendants further contend that Plaintiff failed to obtain either the opposing parties' written consent or leave of court before filing the amended complaint, as required by Rule 15(a)(2).  ECF No. 87-1 at 5; ECF No. 89-1 at 3.

The Tribal Officials and Vendors further argue that granting Plaintiff leave to amend would prejudice them.  ECF No. 87-1 at 5.  Specifically, they contend that Plaintiff has already been afforded multiple opportunities to amend the complaint.  *Id.*  They also assert that permitting the First Amended Complaint would require the Tribal Defendants to refile their currently pending motions, thereby delaying this Court's adjudication of those motions.  *Id.* at 5–6.  According to the Tribal Defendants, this delay would be particularly prejudicial because Plaintiff has already served numerous discovery requests during the pendency of the motions, requiring Defendants to expend additional time and resources responding to discovery while awaiting resolution of the pleadings.  *Id.* at 6.  In his separate motion to dismiss, Defendant Ramirez also argues that allowing the First Amended Complaint to stand would require Defendants to prepare and file a new motion to dismiss, thereby "resulting in the needless expenditure of the parties' money and the Court's time." ECF No. 89-1 at 4.

On February 20, 2026, Defendant Ramirez filed an opposition to Plaintiffs' motion for leave to amend.  ECF No. 97.  Ramirez argues that because the deadline for amending pleadings set forth in the Court's scheduling order had expired, Plaintiffs must satisfy the "good cause" standard under Federal Rule of Civil Procedure 16(b)(4) before the Court may consider whether amendment is appropriate under Rule 15(a).  *Id.*  Ramirez contends that Plaintiffs cannot establish good cause because they failed to act diligently in seeking

amendment.[1]  *Id.*  Ramirez further requests an award of reasonable expenses under Rule 16(f)(2), arguing that Plaintiffs' failure to comply with the Court's amended scheduling order unnecessarily increased litigation costs.  *Id.*

The Court grants Plaintiffs' motion for leave to amend.  Because Plaintiffs seek leave to amend after the deadline established in the November 6, 2025 scheduling order, Plaintiffs must first satisfy Rule 16(b)(4)'s "good cause" standard.  Here, the Court's scheduling order set January 23, 2026, as the deadline to amend the pleadings.  ECF No. 65.  Plaintiffs filed their First Amended Complaint on February 2, 2026, only ten days after that deadline.  Plaintiffs seek to correct the identity of the previously named "S & R Towing" defendant after counsel discovered through additional investigation that the proper entity is "S & R Towing, Inc.", with Charles Russell, Jr. as its agent for service of process.  Although Defendant is correct that Plaintiffs could have discovered this information sooner, the record does not demonstrate a lack of diligence sufficient to deny leave to amend.  Moreover, the Ninth Circuit has recognized a strong policy favoring resolution of cases on the merits rather than through procedural defaults.  *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Cases should be decided upon their merits whenever reasonably possible.").  In light of this policy, and because the proposed amendment primarily seeks to correct the identity of an existing defendant and clarify the allegations, the Court finds good cause under Rule 16(b)(4).

---

[1] Specifically, Ramirez challenges Plaintiffs' explanation for adding S & R Towing, Inc. and Charles Russell, Jr., d/b/a S&R Towing as defendants. Plaintiffs assert that, after the originally named defendant, "S & R Towing," failed to respond to the complaint, counsel conducted additional research through the California Secretary of State and discovered that the correct entity was S & R Towing, Inc., with Charles Russell, Jr. designated as its agent for service of process.  ECF No. 88 at 5–6.  Ramirez argues that this explanation demonstrates a lack of diligence because Plaintiffs filed their original complaint approximately five and one-half months before the deadline to amend pleadings.  ECF No. 97 at 3-4.  According to Ramirez, once "S & R Towing" failed to answer within the time prescribed by Rule 12(a)(1)(A)(i), Plaintiffs should have promptly verified the identity of the defendant.  *Id.*

25-cv-1052-BJC-JLB

Next, the Court considers whether Plaintiffs have demonstrated that amendment is proper under Rule 15(a).  On balance, the relevant factors weigh in favor of granting leave to amend.  First, there is no evidence of bad faith, nor do Defendants contend that Plaintiffs seek amendment for an improper purpose.  Second, the proposed amendment is not futile.  As discussed above, Plaintiffs seek primarily to correct the identity of an existing defendant.  Permitting amendment will allow the Court to resolve Plaintiffs' claims on their merits rather than on a technical pleading defect.  Third, Plaintiffs have not repeatedly failed to cure deficiencies through prior amendments.  Although Defendants correctly note that Plaintiffs have amended their pleadings before, this is Plaintiffs' first request to amend following consolidation of these actions.

Defendants' principal argument is that amendment will cause delay because they will be required to file new motions to dismiss and revisit issues already raised in their pending motions. ECF No. 87-1 at 5-6.  The Court acknowledges that permitting amendment may require additional briefing and may delay resolution of the pending motions. However, "[d]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). Rather, "[o]nly where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading." *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973).  Here, Defendants have not demonstrated that Plaintiffs seek leave to amend in bad faith or that the proposed amendment would result in undue prejudice.  Although amendment may require Defendants to file renewed motions and incur additional litigation expenses, this is the ordinary consequence of an amendment and it does not, without more, constitute prejudice under Rule 15(a).[2]  Because Defendants have failed to make the requisite showing, and in

---

[2] The Court further notes that, aside from Plaintiffs' amendment to correct the name of co-defendant S & R Towing, Inc., the remaining amendments are minimal in nature and do not materially alter the allegations or claims at issue.  See ECF No. 88 at 2-3.

25-cv-1052-BJC-JLB

light of Rule 15(a)'s liberal policy favoring amendment, the Court concludes that leave to amend is appropriate.

Finally, the Court declines to award expenses under Rule 16(f)(2). Although Defendant Ramirez requests an award of reasonable expenses incurred as a result of Plaintiffs' untimely amendment, ECF No. 97, Defendant does not identify the expenses allegedly incurred. Absent any supporting documentation or explanation, the Court cannot assess the propriety or amount of the requested award. Accordingly, Defendant Ramirez's request for reasonable expenses under Rule 16(f)(2) is **DENIED**.

### IV.    CONCLUSION

Accordingly, the Court **GRANTS** Plaintiffs' motion for leave to amend/correct the complaint. ECF No. 88. Plaintiff may file a First Amended Complaint no later than July 24, 2026. Defendant may file a responsive pleading no later than July 31, 2026. Because there is no operative complaint upon which the following motions can be based, the Court **DENIES** the following motions without prejudice:[3]

(1)    Motion to Dismiss Plaintiffs' FAC (ECF No. 51);

(2)    Motion to Dismiss or Stay for Failure to Exhaust Tribal Remedies (ECF No. 66);

(3)    Motion to Joinder in Motion to Dismiss (ECF No. 67);

(4)    Motion to Calendar Motion to Dismiss (ECF No. 68);

(5)    Motion to Strike Document (ECF No. 87);

(6)    Motion to Strike Document (ECF No. 89);

(7)    Motion to Dismiss for Sovereign Immunity and For Failure to Join Indispensable Parties (ECF No. 93);

---

[3] *Frick v. United States*, 2022 WL 4227970, *2 (W.D. Wash. July 1, 2022) (holding that if "there is no operative complaint pending, Plaintiff's Motion is not properly before the Court.").

25-cv-1052-BJC-JLB

(8)     Joint Motion to Continue Hearing on Tribal Defendants' Motion to Dismiss for Sovereign Immunity and for Failure to Join Indispensable Parties (ECF No. 105);

(9)     *Ex Parte* Motion to Shorten Time in which to file a FRCP 72(a) motion to modify or set aside a non-dispositive discovery order (ECF No. 107);

(10)    Motion to Set Aside Order on Motion to Stay (ECF No. 112).

**IT IS SO ORDERED.**

Dated:  July 17, 2026

_____

Honorable Benjamin J. Cheeks
United States District Judge

25-cv-1052-BJC-JLB